UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO MESCHINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 12 C 8519 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on pro se Petitioner Mario Meschino's ("Meschino") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Meschino's motion is denied.

## BACKGROUND

On May 27, 2009 Meschino was arrested and charged with knowingly transporting and shipping images of child pornography (Count 1), knowingly receiving images of child pornography (Count 2), and knowingly possessing materials that contained child pornography (Counts 3 & 4). A draft plea agreement was tendered by the U.S. Attorney's Office ("Government") to Meschino's attorney on September 4, 2009. On February 3, 2010, Meschino pled guilty to one count of transportation of child pornography and one count of possession of child pornography. Meschino did not enter into a formal plea agreement and pled guilty

pursuant to a plea declaration. On July 8, 2010, this Court sentenced Meschino to 240 months imprisonment on the transportation count and 120 months imprisonment on the possession count, with the sentences running consecutively.

Meschino appealed his sentence, and on July 11, 2010 the Seventh Circuit affirmed his sentence. *United States v. Meschino*, 643 F.3d 1025 (7th Cir. 2011). On October 23, 2012, Meschino timely filed his § 2255 motion.

## LEGAL STANDARD

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The record is reviewed and all reasonable inferences are drawn in favor of the Government. *See United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000). Section 2255 petitions are subject to various bars, including procedural default. The Seventh Circuit has noted that § 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. Untied States*, 75 F.3d 1174, 1177 (7th Cir. 1996). A court limits habeas relief to a constitutional or jurisdictional error, or a fundamental defect that results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994).

An ineffective assistance of counsel claim may be brought in a § 2255 motion regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that counsel's

deficient performance "prejudiced his defense" by demonstrating that it is reasonably likely that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 687, 696 (1983). To show that counsel's performance was deficient, the petitioner must demonstrate that his attorney's representation "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *Id*. at 690. To satisfy the prejudice element, counsel's errors must be so serious that they deprived the petitioner of a fair trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by [the petitioner]." *Strickland*, 466 U.S. at 697.

## DISCUSSION

Meschino argues that his counsel was ineffective with respect to his attorney's failure to accept a draft plea agreement and his attorney's failure to challenge the Government's evidence at his sentencing hearing. Meschino also argues that he was deprived of his due process and equal protection rights under the law. Additionally Meschino asserts that the various sentencing enhancements which were used to calculate his final guideline range were erroneously applied. Each argument will be resolved in turn.

**I. Meschino's Plea**

Meschino claims that his counsel was ineffective for failing to explore, negotiate, and accept the government's plea offer. Meschino contends that his

attorney should have accepted a draft plea agreement which was tendered early in plea negotiations. Although defendants have no constitutional right to be offered a plea agreement, the Supreme Court has held that, in some circumstances, it may be ineffective assistance of counsel for an attorney to fail to relay potential plea deals to his or her client. *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012). When there is a "formal offer [] from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," defense counsel has the duty to communicate that offer to the accused. *Id*. at 1408. The *Frye* Court determined that a formal offer is one with "a fixed expiration date." *Id*.

A petitioner must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel and he must show "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accepting it." *Id*. at 1409. Therefore to establish prejudice, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lessor charge or a sentence of less prison time."

Initially, Meschino argues that his attorney's representation was deficient because of his failure to negotiate and accept a favorable plea agreement as indicated in *Missouri v. Frye.* The Government correctly highlights the fact that the plea agreement which Meschino argues should have been accepted was merely a draft

agreement provided to facilitate plea discussions. The agreement specifically notes that it is a draft plea agreement and had not been approved by the U.S. Attorney's Office. The draft plea agreement did not contain an expiration date and indicated that the Government attorney did not possess the authority to bind the Government to the draft plea agreement. The Court finds that the draft plea agreement tendered by the government was not a formal plea agreement contemplated by the *Frye* Court. In any event, even though the draft plea agreement was not a formal plea agreement, Meschino's attorney informed him of the plea deal and gave him a frank assessment of his options. Meschino cannot establish that his attorney's conduct was deficient.

Additionally, Meschino has failed to prove that he was prejudiced as a result of his attorney's representation. The record indicates that even if Meschino entered into a formal plea agreement under the terms of the draft plea agreement, the Government would have been able to argue for the same term of imprisonment that Meschino ultimately received. Meschino claims that his counsel should not have rejected the Government's draft plea agreement and failed in his representation when he encouraged a plea declaration. Meschino argues that if he pled guilty under the proposed plea agreement, that he would have received a sentence in the 210 to 262 month range of imprisonment.

Meschino misconstrues the terms of the draft plea agreement in arguing that his sentence would have fallen within the 210 to 262 month range. The draft plea

agreement laid out the calculations that both Meschino and the Government would be free to argue for. Under the draft plea agreement, the Government would argue for 30 years of imprisonment (the statutory maximum sentence capped the proposed guideline range of imprisonment), and Meschino would be free to argue for a 210 to 262 month term of imprisonment. Most importantly the draft plea agreement explicitly stated that the Court was not bound by guideline calculations of either party and the Court's determinations govern the final guideline calculation.

Ultimately, Meschino pled guilty pursuant to a plea declaration and the Government argued for a 30 year term of imprisonment at sentencing. Regardless of Meschino accepting the terms of the draft plea agreement the Government still sought to argue for 30 years of imprisonment. Therefore under the terms of the draft plea agreement Meschino cannot show that he was prejudiced by pleading guilty pursuant to a plea declaration. Meschino's attorney's representation was not deficient in his encouragement to reject the draft plea agreement in light of the fact that the Government sought to argue for a thirty year term of imprisonment.

**II. Representation during Sentencing Hearing**

Meschino argues that his counsel did not effectively represent him during the course of his sentencing hearing. Meschino strenuously contests his counsel's failure to object to the testimony of the Government witness called to establish the various guideline sentencing enhancements. To establish the 5-point enhancement for a

pattern of sexual abuse of a minor the Government called Meschino's Niece, ("Victim A"), to prove that he had sexually abused her in the past.

The record indicates that Meschino's counsel challenged Victims A's testimony during cross examination. Meschino's attorney attempted to impeach Victim A's testimony by inquiring about a prior unrelated rape allegation. Meschino also presented his own witness to undermine the testimony of Victim A. Ultimately Meschino's evidence did not convince this Court that the 5-point enhancement was not warranted. However in light of Meschino's attorney's representation during the course of the sentencing hearing the Court finds that Meschino was represented by effective counsel during the sentencing hearing. *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993) (Trial attorneys are not required to pursue every conceivable line of questioning with a witness, and cross examination is a matter of trial strategy, which Court accord great deference.).

**III. Violation of Due Process and Equal Protection Rights**

Meschino briefly mentions that his due process and equal protection rights were violated. Meschino fails to properly develop his arguments or specify how his rights were infringed. Meschino has forfeited these arguments. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) (The Seventh Circuit has repeatedly held that the failure of a party to properly develop an argument with citation to relevant legal authority and to the record constitutes a forfeiture of the argument.).

**IV. Application of Guideline Enhancements**

Meschino peppers his complaint with a variety of objections to the application of the various sentencing guideline enhancements, which were applied to his guideline calculations. The Seventh Circuit already considered and rejected Meschino's sentencing enhancement arguments. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (claims decided on direct appeal are foreclosed in § 2255 proceeding).

## CONCLUSION

For the reasons described above, Meschino's motion to vacate his sentence is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  April 19, 2013